**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KENDRICK LATHAM,**

        **Petitioner,**

    **v.**                                     **Civil Action No. 1:16cv52**
                                                           **(Judge Keeley)**

**C. WILLIAMS,**

        **Respondent.**

**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On March 28, 2016, *pro se* Petitioner, Kenneth Latham, a federal inmate then incarcerated at FCI Gilmer, filed a Habeas Corpus petition pursuant to 28 U.S.C. § 2241 seeking an order that the Bureau of Prisons ( "BOP") provide him reports of three institutional investigations involving him. On April 7, 2016, Petitioner paid the $5 filing fee. On August 26, 2016, this Court made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against Respondent.[1] On September 8, 2016, Respondent filed a Motion to Dismiss and Response to Order to Show Cause. On September 9, 2016, the court issued a <u>Roseboro</u> notice, and on January 23, 2017, Petitioner filed a reply.

---

[1]In directing the Respondent to show cause, this Court was under the mistaken belief that the investigative reports the Petitioner was seeking were part of a disciplinary proceeding against him.

## II. CONTENTIONS OF THE PARTIES

### A. The Petition

Petitioner maintains that the BOP has institutional paperwork, documents and staff statements concerning him which they have failed or refused to give to him or other requesting authorities, including his attorney. Petitioner indicates that this information stems from three institutional investigations conducted in December of 2012, May of 2014, and October of 2014. Petitioner maintains these investigations resulted in drugs being found and confiscated inside FCI McDowell and FCI Gilmer. In particular, Petitioner maintains that as a result of a December 2012 investigation at FCI McDowell, staff searched ceilings in the inmate shower facilities and discovered large amounts of drugs, weapons, tobacco, and wine/prison hooch. Petitioner further alleges that a May 2014 investigation at FCI McDowell revealed that an inmate, other than Petitioner, was smuggling heroin into the prison. Finally, Petitioner alleges that an October 2014 investigation at FCI Gilmer revealed that an inmate, other than Petitioner, was smuggling heroin into the prison and selling it to other prisoners. For relief, Petitioner is seeking an Order requiring the BOP to forward certain information regarding these three investigations to his attorney and his father.

### B. Motion to Dismiss

Respondent maintains that Petitioner's request for an Order requiring the BOP to release information to his federal public defender and to his father is not appropriately brought in a habeas petitioner under 28 U.S.C. § 2241. Accordingly, Respondent maintains that this matter must be dismissed.

### C. Petitioner's Reply

Petitioner argues that summary judgment should not issue because there is a "clear dispute" over material facts. Petitioner further maintains that he has a liberty interest and a genuine interest in the documentation that he is requesting. It would appear from Petitioner's reply that he assisted BOP staff members in documenting illegal activity being conducted by inmates at FCI McDowell and FCI Gilmer. It would further appear that Petitioner is seeking the investigative material because he believes that it will benefit him in seeking a sentence reduction or commutation of his sentence. Petitioner further alleges that the BOP committed fraud by requesting his assistance with the promise of providing documentation and then failing to produce the documentation. Petitioner also alleges that the BOP is concealing and destroying evidence in order to prevent prosecution in some cases. Petitioner contends that this amounts to obstruction of justice which he is reporting to this Court. Finally, Petitioner alleges that the BOP is discriminating against him as the BOP is picking and choosing which inmates they give the sort of documentation he is requesting.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most

favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley,* 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir.2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States,* 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal,* where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more

than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

## V. ANALYSIS

Petitioner is currently serving a 480-month term of imprisonment imposed by the United States District Court for the Southern District of Illinois. Sentence was imposed on November 13, 2002, following a four day jury trial. In particular, the Petitioner's sentence stems from convictions for Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Crack Cocaine in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute 5 Grams or More of Crack Cocaine in violation of 21 U.S.C. § 841(a)(1). Petitioner's current projected release date, the date on which he will complete his sentence with consideration for good conduct time is June 11, 2036.

Although neither the petition nor response make it completely clear, the undersigned believes the Petitioner may have cooperated with BOP officials in identifying illegal activity by inmates at both FCI McDowell and FCI Gilmer. It would appear that the Petitioner is seeking records of these investigations because he believes that he might then successfully petition his sentencing judge for a reduction in sentence or obtain a commutation of his sentence.

There is no dispute that the Petitioner filed a FOIA request for these materials. The Petitioner now seeks an order from this Court, pursuant to his habeas petition, directing the BOP to provide the requested investigative records to his lawyer and his father.

The Department of Justice ("DOJ"), which encompasses the Federal Bureau of Prisons, has developed procedures for the processing of FOIA requests. An individual may make a FOIA request by contacting the DOJ department that maintains the records in

question. 28 C.F.R. § 16.3(a). Specifically, requests for BOP records should be filed with the Director of the Federal Bureau of Prisons. If the department denies the request, it must give the requester appeal rights. 28 C.F.R. § 16.9(a). An individual who is dissatisfied with the component's response may appeal to the Department of Justice's Office of Information and Privacy ("OIP"). 28 C.F.R. § 16.9(a). If an individual wishes to seek judicial review, that individual must appeal to OIP prior to doing so. 28 C.F.R. § 16.9(c).

In the instant case, although the Petitioner did file a FOIA request, he did not appeal the response to the OIP. ECF No. 9-1 at 1. Therefore, the Petitioner has not exhausted his administrative remedies. However, even if he had, a § 2241 petition is not the appropriate manner is which to seek judicial review of a FOIA response.[2] Rather, the Petitioner must filed a Freedom of Information Act complaint against the BOP and pay the required $400 filing fee.[3]

Moreover, a petition for writ of habeas corpus pursuant to Section 2241, is intended to address the **execution** of a sentence. Examples of an appropriate use of Section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted). Accordingly, to the extent that the Petitioner is alleging fraud, discrimination, or illegal activity to prevent prosecution in some cases, he has not asserted

---

[2]The proper scope of a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is to challenges the execution of a federal sentence. The Petitioner is not challenging the execution of his sentence in requesting investigative reports.

[3]The petitioner may, of course, file a Motion to Proceed in forma pauperis and, if granted, he could proceed without prepaying the filing fee.

any claim cognizable in a § 2241 petition.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 9] be **GRANTED**, the Petition [ECF No. 1] **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 128 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: April 25, 2017

*/s Robert W. Trumble*

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE