IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENDRICK LATHAM**

    **Petitioner,**

**v.**                 //         CIVIL ACTION NO. 1:16CV52
                                          (Judge Keeley)

**C. WILLIAMS,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14]

On March 28, 2016, the pro se petitioner, Kendrick Latham ("Latham"), filed a petition for habeas corpus pursuant to 28 U.S.C. §§ 2241, which the Court referred to United States Magistrate Judge Robert J. Trumble for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. Latham's petition sought an order from the Court directing the Bureau of Prisons to provide the results of a Freedom of Information Act ("FOIA") request to his federal public defender and to his father (dkt. no. 1). The respondent moved to dismiss the petition, arguing that Latham's claim was not cognizable under § 2241 (dkt. no. 9).

On April 25, 2017, Magistrate Judge Trumble issued an R&R, in which he recommended that the Court grant respondent's motion and dismiss Latham's petition (dkt. no. 14). Specifically, the R&R concluded that the relief sought by Latham was not properly brought in a § 2241 petition, which may be used only to challenge the execution of a federal sentence. Id. at 6.

The R&R also specifically warned Latham that his failure to object to the R&R within fourteen (14) days would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 7. As of May 15, 2017, twenty (20) days after mailing the R&R to him, the Court had not received a return receipt indicating that Latham had actually received the R&R. Consequently, the Clerk mailed a second copy of the R&R to Latham (dkt. no. 16). On May 19, 2017, the Court received a signed return receipt indicating that Latham received the first mailing of the R&R on May 16, 2017, which is when the fourteen (14) day limit for objections began to run. Thus, more than thirty-three (33) days have passed since he received the R&R. On May 30, 2017, the Court received a signed return receipt indicating that Latham had received the second mailing of the R&R on May 25, 2017 (dkt. nos. 15 and 16). Even using that date, more than fourteen (14) days have passed since Latham received the R&R, yet he has filed no objections.[1]

Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 14), **GRANTS** the respondent's motion to dismiss (dkt. no. 9), and **ORDERS** that this

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

case be **DISMISSED WITH PREJUDICE** and stricken from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 20, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE